Malvin Garnet
437 SW 3rd ST #4
Miami, FL 33130
7863688079
Bkbridge718@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PLAINTIFF'S NAME,

    MALVIN GARNETT, on behalf of himself and all others similarly situated,

                  Plaintiffs,

vs.

TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO, TWU555, TWU INTERNATIONAL

                Defendant

Case No.:

JURY TRIAL REQUESTED

FILED BY _____ D.C.
JAN 1 8 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT

Plaintiffs bring this Class Action Complaint ("Complaint") against the Defendants Transport WORKERS UNION OF AMERICA, AFL-CIO, LOCAN UNION NO. 555 on behalf of themselves and all other similarly situated African Americans across the nation of 72 cities of TWU International. ,

ORIGINAL CLASS ACTION COMPLAINT

PLAINTIFF MALVIN L. GARNETT ("GARNETT" or Plaintiff), individually and on behalf of all those similarly situated, bring things action for an injunction and damages and states;

## INTRODUCTORY STATEMENT

This case arises out of the exclusion of certain members of the Transport Workers Union of America AFL-CIO("'TWU")

JURY TRIAL REQUESTED - 1

## JURISDICTION AND VENUE

1. Subject Matter Jurisdiction. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because this case is filed as a class action under Fed. R. Civ. P. 23 and on information and belief the aggregate amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is a citizen of a state different from at least one Defendant. There is also subject matter jurisdiction under 28 U.S.C. § 1331 because the case arises under the Constitution, laws or treaties of the United States.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because (1) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district; and (2) one or more Defendants are subject to personal jurisdiction in this District. Venue is also proper under 29 U.S.C. § 185(a) because Defendants are subject to personal jurisdiction and duly authorized officers are engaged in representing or acting for members in this district.

[1] Plaintiff has filed a representative charge of discrimination with the Equal Employment Opportunity Commission but has not received a notice of right to sue in regards to Southwest Airlines. Plaintiff intends to amend his complaint to add individual and class claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, after he has exhausted his administrative remedies.

## PARTIES

3. GARNETT. Malvin L Garnett is an individual residing in Miami, FL. He is

USDC - 2

typical of The class insofar as he was a member of TWU in good standing at the time of the unfair labor practices.

4. Defendant TWU INTERNATIONAL refers to the Transportation Workers Union of America, AFL-CIO, which is an unincorporated 2. TWU International. TWU International refers to the Transportation

5. Workers Union of America, AFL-CIO, which is an unincorporated United States Labor union that represents, for purposes of the Railway Labor Act (the "RLA"), over 200,000 members and retirees, primarily in commercial aviation, public transportation, and passenger railroads. Included in the union's membership are approximately 34,000 workers at Southwest Airlines. Plaintiff sues TWU International primarily to preserve any rights he may have for any involvement of TWU International in the decision to exclude Plaintiff and the proposed class from the TWU. TWU International may have had to prevent the Defendant Local Unions II. PARTIES from violating the rights of TWU members. TWU's principal office is located at 501 3rd Street NW, Ninth Floor, Washington, D.C. 20001. TWU may be served through any of its registered officers pursuant to Fed. R. Civ. P.4(h)(b).

6. Local Union 555. Local Union is TWU555 is an unincorporated association and labor . Plaintiff is informed and believes, and therefore avers, that the Defendant is an "union" within the meaning of Title VII in that, during all times material to the averments of this Complaint, Defendant engaged in an industry affecting commerce and has employed more than the requisite number of persons for the requisite duration under Title VII. organization. Local Union 555 may be served at its principal office and place of business located at 2608 Inwood Rd # 150, Dallas, TX 75235

7. TWU International. TWU International is an unincorporated association that functions through Local Unions and represents over 200,000 individual members, primarily in commercial aviation, public transportation, and passenger railroads.

USDC - 3

8.  The Local Union Defendants. The Local Union Defendants consist of the members within a city or other area specified by the TWU International Executive Council. Subject to the provisions of the TWU International Constitution and the bylaws of the Local Unions and to all delegations of authority and assignments of responsibility to the Local Officers and to the Local Executive Board as provided in the International Constitution and Local by-laws, the supreme authority in the Local Unions is the membership of the Local Union, acting through duly called meetings. The Defendants represented the proposed class of persons employed at Southwest Airlines

## FACTUAL ALLEGATIONS

9.  The members of the Class allege that TWU international as well as local has discriminated against them on the basis of their race. Defendant has allowed for a hostile work environment against African Americans nationwide as a union allowing company Southwest Airlines maintain a racially biased corporate culture and stereotypical views about the skills, abilities, and potential of African Americans that infect personnel decisions and form the basis of the policies and practices challenge knowing promotions, disciplinary actions, hiring, firing, and harmony in the work place.

10. TWU International and local ignored contract obligations to fight against discrimination built in place for equality. Therefore, failure to Duty of Fair Representation under the railway labor and National Labor Relations Act.

11. The individual named Plaintiff and the members of the proposed Class they seek to represent in this action are African- American who went through discriminatory policies and the union never filed anything on their behalf. Defendants union who is obligated to protect all classes allows a racially biased corporate culture and stereotypical views about the skills, abilities, and potential of African Americans that infect personal decisions and forms the basis of

USDC - 4

the policies and practices challenged by this lawsuit. They are aware of the racial injustices against blacks and refuse to file a grievance in the benefit of blacks at any given time..

12. Southwest Airlines colludes with union in many stations have made it Unwelcome or offensive behavior in the workplace, which causes one or more employees to feel uncomfortable, scared, or intimidated in their place of employment for African-Americans.

13. The union ignoring discrimination complaints and fostering the hostile work environment colluding with Southwest Airlines in the intimidation, and oppression of blacks in the workplace.

14. The Plaintiff sues the union for failing to fairly represent the employee's interest under the collective bargaining agreement. So, a breach of the duty of fair representation claim involves both the union and the employer for failure to protect the class.

15. Plaintiff was treated differently than other employees of Defendant, being disciplined much harsher than other employees for the same or similar conduct.

. Plaintiff began his employment with Defendant on March, 21 2011 in the position of Ramp Agent later becoming a union rep.

16. During his employment with the Defendant, Plaintiff's performance evaluations were always brought up by other factors besides his work output upper management was made aware and changed.

17. During Plaintiff's employment with company, the station manager would allow management to make inappropriate comments from time to time regarding blacks in the workplace. These comments offended Plaintiff, so Plaintiff complained about the comments and the ways blacks were treated. The racial tensions were directed toward impacting African-American line-workers; the hostile work environment as well as Caribbean blacks in the station. As a union rep Plaintiff reported and fought against the hostile work environment. Plaintiff complained about black being given equal chances in the work place as far as promotions, disciplinary action, and respectful treatment.

USDC - 5

18. June 29, 2018 Plaintiff went to arbitration to get job back he was not properly represented he was fired against contract of just cause. The union has failed to follow contract with the language no employee who has passed his probationary period shall be disciplined to the extent of loss of pay or discharge. Just cause sufficient reasons were not meant. Just cause can not be met being the employer has not shown an even-handed in its enforcement there was disparate treatment with a few white and Spanish employees which was proven during arbitration.

19. On August 11, 2017 Plaintiff went to EEOC to complain about hostile work environment and that employees were afraid to come to EEOC. There was intimidation, threats, and bullying towards blacks in the work place Plaintiff complained to HR, Upper Management.

20. On September 29, 2017 Employee was fired

21. On November 11, 2017 EEOC complaint was filed.

22. On February 5, 2018 Employee received job back through union.

22. On February 8, 2018 Southwest Airlines called to ask plaintiff if wanted to drop EEOC complaint. Plaintiff declined was then retaliated against.

23. There was more violence in the workplace for blacks, Plaintiff started to question the investigation that they said was ongoing. Shortly after Plaintiff's complaint to the Human Resources Department, he was then treated much harsher and attacked with write-ups especially by the Station Manager.

24. On April 11, 2018, Plaintiff was terminated from his employment with Defendant.

25. VP of union told Plaintiff that he bet there is white guys in Fort Lauderdale hates him. VP also stated a conservative white guy arbitrator is not going to want to hear about my

USDC - 6

EEOC claims.

26  On April 12, 2018 Union steward told me he would hurry up and get me my job back an arbitrator is not going to like the fact a 7-year employee was fired for application. I notified union of racist issues and hostile work environment I've been fighting. I questioned how would they protect me from being fired again and being retaliated against.

27.  On April 13, 2018 the Union steward told me its not his job to protect me from discrimination I sent him a copy of article 1 he then started treating me hostile.

28.  We went to arbitration the arbitrator asking for case law and briefings to make his decision on August 10, 2018. The union steward called me August 8, 2018 stated he was pulling my grievance and would not give me a reason. Stated company proved their case.

29.  The plaintiff has complained to the union in 2012 of racism and they completely ignore the complaint. In sum, Defendants subjected Plaintiff and all others similarly situated to an ongoing nationwide pattern and practice of race discrimination and employed company-wide policies and practices that had a disparate impact on African Americans. Defendants' systemic discrimination against African Americans includes, but is not limited to, the following practices: If someone wanted to apply for a job they would check occurrences or state the agent was on probation if the agent was black. If the agent was white or Spanish it would be at management's discretion.

30.  In Houston there has been complaints of nooses on more then 3 occasions in the last year and the union has filed nothing on African American's behalf. Issue where agent called woman black bitch.

31.  The union has allowed African Americans to be humiliated bullied, harassed due to skin color in the workplace making it a hostile work environment. Union member employees

USDC - 7

are not allowed to speak on racism due to social media policy as well as media policy in which company keeps quiet.

32. There is a preponderance of the evidence that Southwest imposed circumstances giving rise to (1) A Hostile Work Environment & Harassment. Southwest African-American Employees were treated differently than other similarly situated employees who violated work rules of comparable seriousness giving rise to (2) Unequal Discipline. And while Southwest neither encourages nor discourages workplace relationships between consenting employees Southwest has basic Rules of Conduct/Prohibitions that Management failed to enforce/follow giving rise to (3) Unfair Hiring & Nepotism. And gave Caucasians special access to opportunities and resources giving rise to (4) Race-Conscience Preferential Treatment. All establishing a chain of inference of racial discrimination.

33. In 2012 a Senior District union Representative (who was Caucasian) advised Management that the St. Louis Station had racial issues/tensions that have been going on for years. Sr Management was notified. However the union filed no grievance to change the situation they allowed it to continue.

34. In 2014, during the Ferguson unrest, there were several Caucasian employees who posted on social media "we have to tolerate the niggas here at work, but if they come in to our neighborhoods, we will shoot them". It was brought to the attention of Senior Leadership with no formal investigation. The union did not go to arbitration for the benefits of blacks.

35. As the same as FLL and STL Senior Managers were consistently target African-Americans whom they want fired via email as in the plaintiff's case. Union is aware and does nothing. If FLL station there was no blacks in upper management for a total of 4 years until they receive the Plaintiff EEOC complaint. Agents who complained of discrimination

USDC - 8

were fired, harassed, and retaliated against, the company is supposed to investigate but what they do more of is try to cover it up with management. In all complaints they have not questioned the victims in questions only managers. The company stated to hire a independent party to investigate Plaintiff complaints come to find out it was their litigation department.

36. NAACP filed a complaint on behalf of blacks the company refuses to give up information on employees terminated during their probationary period by race, gender and job the union has failed to file in order for justice on union members' behalf.

37. Plaintiff Was Subjected To And Harmed By Defendants' Unlawful Conduct

38. Plaintiff worked as a Ramp Agent from 2011 until he was unlawfully terminated in the April of 2018.. During much of his tenure at the station, Plaintiff worked at Denver and Chicago where he he left the first time due to hostile work environment in Fort Lauderdale

39. VP Union member change my grievance from retaliation discrimination to which hunt.

## CLASS ALLEGATIONS

40. This action may be maintained as a class action because:

    a. The Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the Class;

    c. The claims or defenses of the representative party is typical of the claims or defenses of the Class; and

    d. The representative of the class will fairly and adequately protect the

USDC - 9

interests of the Class.

41. Injunction Class. The Class is properly certifiable pursuant to Fed. R. Civ. P. 23(b)(2) because TWU has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief is appropriate respecting the Class as a whole.

42. Damages Class. The Class is properly certifiable pursuant to Fed. R. Civ. P 23(b)(3) because the questions of law and fact common to the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Among other things, each Class member's interest in individually controlling the prosecution of the claims herein makes it virtually impossible to assert those claims outside the class action context. Moreover, there is no other litigation known by the undersigned counsel that asserts claims based on the facts in this controversy. Concentrating litigation in this forum is desirable, as many affected TWU members are in this forum. Finally, there are no likely difficulties in managing this case as a class action.

43. As a result of Defendants' unlawful conduct, Plaintiff lost wages and other benefits, and suffered irreparable harm to his career, emotional distress, and other nonpecuniary losses. Defendants' actions have caused and continue to cause Plaintiff substantial losses in earnings, management opportunities, and other employment benefits, in an amount to be determined by a jury.

ADMINISTRATIVE PROCEEDINGS

44. Plaintiff filed a charge of employment discrimination against the Defendant with the Miami District Office of the United States Equal Employment Opportunity Commission (the "EEOC") on or about August 8, 2018 when the union dropped the grievance.

45. On September 17, 2018, the EEOC issued a Notice of Right to Sue, which entitled Plaintiff to institute a civil action with respect to the charge of discrimination within ninety (90) days of the date of receipt of said notice.

46. Based on the foregoing, Plaintiff has filed an appeal locally as well as international union and has been ignored by both unions.

47. Based on the foregoing, Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

## COUNT I

### RACE DISCRIMINATION IN VIOLATION OF

### 42 U.S.C. § 1981

48. Plaintiff, individually and on behalf of all others similarly situated, realleges the above paragraphs and incorporates them by reference as though fully stated herein as part of Count I of this Complaint.

49. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races the same right to make and enforce contracts, regardless of race. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

USDC - 11

50. Defendants maintained a nationwide set of uniform, discriminatory employment practices and engaged in a pattern or practice of systemic race discrimination against African Americans which constitute illegal intentional race discrimination in violation of 42 U.S.C.§ 1981.

51. Plaintiff and all those similarly situated were subjected to and harmed by Defendants' systemic and individual discrimination.

## COUNT II

## RETALIATION IN VIOLATION OF

## 42 U.S.C. § 1981

52. Plaintiff realleges the above paragraphs and incorporates them by reference as though fully stated herein as part of Count II of this Complaint.

53. Plaintiff engaged in protected activity and suffered retaliation by Defendants in violation of 42 U.S.C. § 1981.

54. Plaintiff suffered harm as a result of Defendants' unlawful retaliation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all others similarly situated, respectfully request that

this Court find against Defendants as follows:

a. Certify this case as a class action;

b. Designate Plaintiff as Class Representative and designate Plaintiff's counsel of record as Class Counsel;

c. Declare that Defendants' acts, conduct, policies and practices are unlawful and violate 42 U.S.C. § 1981;

USDC - 12

d. Declare that Defendants engaged in a pattern and practice of racial discrimination against African Americans and employed policies and practices that have an unlawful disparate impact on African Americans;

e. Declare that Defendants engaged in unlawful race discrimination and retaliation against Plaintiff, and order all appropriate relief;

f. Order Plaintiff and all others similarly situated reinstated to their appropriate positions, promotions and seniority, and otherwise make Plaintiff and all others similarly situated whole;

g. Award Plaintiff and all others similarly situated the value of all compensation and benefits lost and that they will lose in the future as a result of Defendants' unlawful conduct;

h. Award Plaintiff and all others similarly situated compensatory and punitive damages;

i. Award Plaintiff and all others similarly situated prejudgment interest and attorneys' fees, costs and disbursements, as provided by law;

j. Award Plaintiff and all others similarly situated such other make whole equitable, injunctive and legal relief as this Court deems just and proper to end the discrimination and fairly compensate Plaintiff and others similarly situated; and

k. Award Plaintiff and all others similarly situated such other relief as this Court deems just and proper.

USDC - 13

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of

Civil Procedure.

Respectfully submitted on behalf of Plaintiff and those similarly situated,

Dated this day of January, 2019

_____
Malvin Garnett Prose

USDC - 14